

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00338-CR

**RICARDO RAMIREZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-2360-C1

## MEMORANDUM  OPINION

Ricardo Ramirez was indicted in two counts for the offenses of (1) burglary of a habitation with the intent to commit or attempt to commit the offense of unlawful possession of a firearm by a felon and (2) unlawful possession of a firearm by a felon. Both offenses were alleged to have been committed on or about September 13, 2015. In Count 1, the jury convicted Ramirez of the lesser-included offense of attempted unlawful possession of firearm by a felon and assessed his punishment at ten years confinement.

In Count 2, the jury convicted Ramirez of the offense of unlawful possession of a firearm by a felon and assessed his punishment at twenty years confinement and a $5,000.00 fine. We affirm.

Ramirez had a child with Michelle Sisneroz, and they were in an on-again, off-again relationship. On September 5, 2015, Ramirez was issued a criminal trespass warning barring him from Sisneroz's property. On September 12, 2015, Ramirez and Sisneroz were going to a picnic at his sister's house, and they got into an argument on the way there. They continued to argue that evening, and Ramirez revealed to Sisneroz that he had a gun. Ramirez, later that same evening, gave the gun to Sisneroz. Shortly thereafter, Sisneroz went home and hid the gun in her backyard. Sisneroz testified that Ramirez began texting her later that evening asking her about the gun and instructing her to leave the gun and he would go get it. Sisneroz testified that she became fearful after receiving the texts so she left her house and went to stay the night elsewhere.

When Sisneroz returned the next morning, September 13, 2015, she noticed broken windows at her residence and called 911. While waiting for the police to arrive, Sisneroz saw Ramirez leave her house. After police arrived, Sisneroz told them about the events from the night before. The police were able to locate the gun hidden in Sisneroz's backyard. The police found Ramirez in the vicinity and took him into custody.

In three issues, Ramirez argues that his convictions for attempted unlawful possession of firearm by a felon and unlawful possession of a firearm violate the Double

Jeopardy Clause of the Fifth Amendment. In the first issue, Ramirez contends that the conviction in Count 2 (unlawful possession of a firearm by a felon) was for a lesser-included offense set forth in Count 1 (burglary of a habitation with the intent to commit or attempt to commit the offense of unlawful possession of a firearm by a felon) for which he had already been acquitted. In the second issue, he argues that the judgment and sentence in Count 2 are void because he was convicted in Count 1 of attempted possession of a firearm by a felon, and it is the same as a conviction for possession of a firearm by a felon. In the third issue, Ramirez complains that he received multiple punishments for the same offense.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the each state through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted and protects him from being punished more than once for the same offense in a single prosecution. *Brown v. Ohio*, 432 U.S. 161, 164-65, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *Mechell v. State*, 374 S.W.3d 454, 462 (Tex. App. —Waco 2011, pet. ref'd).

In a single trial, Ramirez was convicted for two separate criminal transactions, two distinct offenses occurring over a two day period. The record shows that on the night of September 12, 2015, Ramirez had care, custody, and control over the gun before giving it to Sisneroz. His possession of the gun ended when Sisneroz took possession of the gun.

It was based on this scenario that the jury found sufficient evidence to convict Ramirez of possession of a firearm by a felon in Count 2. Ramirez contacted Sisneroz that night inquiring about the gun and seeking to regain possession of the gun. On September 13, 2015, Sisneroz discovered that Ramirez had entered her home in an effort to retrieve and regain possession of the gun. It was based on this scenario that the jury found sufficient evidence to convict Ramirez of attempted possession of a firearm by a felon in Count 1.

Ramirez argues that because there was only one firearm, he could only be punished for one offense. The record supports a finding that while there was only one firearm, there were two separate and distinct acts. The first act is the possession of the firearm while arguing with Sisneroz on September 12, 2015. The second is the attempt to obtain the firearm from Sisneroz's residence the following day. Accordingly, Ramirez's actions constitute two offenses that are based on different conduct, separated by a gap in time and control over the firearm, and are sufficient to break any continuity between the offenses. We therefore find that Ramirez's convictions for attempted unlawful possession of a firearm by a felon and unlawful possession of a firearm by a felon are based on two separate and distinct acts, and therefore not in violation of the Double Jeopardy Clause of the Fifth Amendment. We further find that Ramirez did not receive multiple punishments for the same offense. We overrule the first, second, and third issues on appeal.

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Neill
Affirmed
Opinion delivered and filed October 23, 2019
Do not publish
[CR25]

